**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, S.W., Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br> Plaintiff, ) <br> ) <br> CENTRAL INTELLIGENCE AGENCY, ) <br> Office of General Counsel ) <br> Washington, DC 20505, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff

analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.     Defendant Central Intelligence Agency ("CIA") is an agency of the U.S. Government and is headquartered in Langley, Virginia.   The CIA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On December 13, 2016, the *Wall Street Journal* reported that Representative Mike Turner (R., Ohio) requested that the CIA release an unclassified assessment of Russia's meddling in foreign elections.

6.     Subsequently, on December 14, 2016, Plaintiff submitted a FOIA request to the CIA seeking the production of that unclassified assessment.

7.     By letter dated January 5, 2017, the CIA acknowledged receipt of Plaintiff's FOIA request on December 22, 2016 and assigned it Reference Number F-2017-00540.

8.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the CIA was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

9.     The CIA's determination regarding Plaintiff's FOIA request was due by January 24, 2017 at the latest.

10.     By email dated March 7, 2017, the CIA provided Plaintiff with an estimated completion date, subject to change, of December 28, 2017, approximately 11 months after a determination is due.

11. As of the date of this complaint, the CIA has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

12. Because the CIA has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
**(Violation of FOIA, 5 U.S.C. § 552)**

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and

all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 8, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Michael Bekesha
　　　　　　　　　　　　　　　　　　　　　　Michael Bekesha
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 995749
　　　　　　　　　　　　　　　　　　　　　　JUDICIAL WATCH, INC.
　　　　　　　　　　　　　　　　　　　　　　425 Third Street, S.W., Suite 800
　　　　　　　　　　　　　　　　　　　　　　Washington, DC   20024
　　　　　　　　　　　　　　　　　　　　　　(202) 646-5172

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*